Judge Owsi.ey
delivered the opinion.
This was an action of debt, brought by the plaintiffs in error against the defendants in error, upon a note purporting to have been signed by Maccouns, Lane and eo.
The declaration, after setting out the note, and alleging the firm of Maccouns. Lane and co. to have been composed of ihe defendants in error, sets forth the breach in the nonpayment of the debt, according to the tenor and import of the note. &c. The defendants, Lane and Taylor, pleaded jointly non est factum. And the defendants, Maccouns, pleaded jointly payment, with notice of set off.
Issues were made up to each plea, and a jury called to try the issues. The jury found a verdict for Lane and Taylor on the issue to their plea; and found a verdict against the Maccouns on the issue to their plea.
The court rendered judgment in favor of Lane and Taylor against the plaintiffs; and rendered judgment in favor : of tne plaintiffs against the Maccouns, according to the finding of the jury.
*152 At á Subsequent day of ihe term, a motion was made to arrest the judgment as to the Maccouns, on the ground, that as the action is joint against all of the defendants, judgment could not, after a finding for Lane and Taylor on their plea, be rcudered against the Maccouns.
The judgment was accordingly arrested, and a judgment entered in favor of the Maccouns in bar of the plaintiffs’ action. To reverse that judgment, this writ of error has been prosecuted.
It is assigned for error,
1. That the court erred in receiving the verdict.
2. The court erred in entering and giving judgment against the plaintiffs, but should have rendered a venire de-novo.
6. The judgment should not have been arrested.
The only question, worthy of any consideration, involves an enquiry into the description of judgment that should have been rendered upon the verdict of the jury. Being called to try both issues, it was incumbent on the jury to respond specially to each; and this they appear to have fully performed by their verdict. A verdict thus complete as to all the issues submitted to the consideration of the jury, the court should not have refused to receive, or, after having received, could not regularly set aside, unless for some cause foreign from the record, and in this case no such cause is pretended.
Considered as a verdict regularly rendered, the question occurs as to the judgment that ought to have been given by the court — whether against the plaintiff’s action in favor of ali of the defendants? or against them as to Lane and Taylor, in whose favor the issue was found, and for them as a-gaiast the defendants Maccouns, against whom the issue was found?
We think the latter and not the former mode, should hav« been observed in entering the judgment. No parpóse of justice requires that judgment should be entered in favor of the Maccouns; for they seem to have appeared and defended tiie cause, and have had as ample means of contesting the plaintiff’s right to recover, as could be afforded them on the trial of a separate action against them. And we have been unable to find any case where it has been adjudged that judgment could not be rendered upon a verdict ¡ike the present, against those defendants against whom the is> sue is found.
rh-fts whose-ver ™ Pie,tJ: agamst one, 'h<!’ he fails 's t0 lhe bal" “
IViddijfc and Pope for plaintiffs, Hoggin for defendants in error.
We know that, generally speaking, she action must not only conform to the nature of the contract upon which it is founded, but the judgment must also conform to the action. But we apprehend the reason of the rule does not apply to cases like the present, where, by the verdict of (he jury, the cause has been fully tried and decided as to all the defendants, and when, from the pleadings in the cause, the judgment rendered in conformity to the verdict, may pleaded in bar of any other action brought by the plaintiffs for the same cause. And, accordingly, it is said in Gilbert’s law of evidence, (144) that, “in debt against two, and non-iiest factum pleaded, ¡1 is proved the deeij of one of them, “and not of the other, the issue is maintained, for a joint “action charges each with the whole debt, and when the “issue is found that it is the deed of one, it amounts to the “total cause of complaint, alleged in the declaration against “that person, and consequently the plaintiff ought to recóv“er against him, since he is proved to be his debtor.’’
It results, therefore, that the judgment first entered by the circuit court against the Maccouns, was correct, and the motion thereafter made to arrest it, ought to have been overruled.
The judgment must consequently be reversed with cost, the cause remanded, and judgment entered according to the verdict of the jury